# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

01 JAN 10 PM 3: 44

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **TAMMY DAVIS, an Individual, PAT HERRON, an Individual,** | ] ] ] | |
| Plaintiff(s), | ] ] | |
| vs. | ] ] ] | CV-00-N-3125-S |
| **CONSECO FINANCE SERVICING CORP.,** | ] ] ] | |
| Defendant(s). | ] | |

**ENTERED**

JAN 1 0 2001

## Memorandum of Decision

In this action, properly before the court pursuant to 28 U.S.C. § 1331, plaintiffs Tammy Davis ("Davis") and Pat Herron ("Herron") allege certain violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.* and laws of the State of Alabama in connection with the sale and purchase of a manufactured home. Currently before the court is a motion by defendant, Conseco Finance Servicing Corp. ("Conseco"), to stay this action and require the plaintiffs to arbitrate their claims against Conseco as provided in the parties Transfer of Equity and Assumption Agreement (the "Contract"). Responding to this court's briefing order (Doc. No. 4), the plaintiffs have advanced the following arguments in opposition to the motion: (1) the absence of necessary signatures renders the arbitration agreement invalid, (2) the arbitration agreement is not broad enough to cover plaintiffs' claims, and (3) the arbitration agreement does not substantially effect interstate commerce. Upon due consideration, the motion to compel arbitration will be granted.



As noted above, plaintiffs first argue that the arbitration provision contained in the Contract is unenforceable because the parties did not mutually assent to the provision. This lack of mutual assent, according to plaintiffs, is evidenced by the fact that, while the Contract contains a signature section for the "Seller," "Assignee" and "Buyer," plaintiff Tammy Davis ("Davis") was the only party to actually sign the agreement.[1]  As discussed below, the court finds that the omitted signatures are not necessary to bring plaintiffs within the purview of the arbitration provision.

Section 2 of the Federal Arbitration Act ("FAA"), provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable." 9 U.S.C.S. § 2 (1997). Therefore, the FAA only requires that there be a "written provision" in a "contract;" it does not specify that a party's signature is the only method by which he or she can manifest assent to the agreement.  Instead, whether the parties have entered into an enforceable contract is determined under general state-law contract principles. *See Crown Pontiac, Inc. v. McCarrel*, 695 So. 2d 615 (1997). While the purpose of a signature is to demonstrate mutual assent to the contract, *see Lawler Mobile Homes, Inc. v. Tarver*, 492 So. 2d 297 (Ala. 1986), unless a contract is

---

[1]In its "Supplemental Evidentiary Submission" (Doc. No. 11) defendant produces a "Transfer Contract" with the signatures of plaintiff Davis, the estate of John T. Day, and a representative of defendant Conseco Finance.  In light of plaintiffs objections as to the authenticity of this particular document and defendant's failure to produce the document along with its initial submission, the court will disregard defendants supplemental submission in deciding the present motion.

2

required by the Statute of Frauds to be in writing,[2] it does not have to be signed to be enforceable so long as it is accepted and acted upon. *Id.; see Deeco v. 3-M Co.,* 435 So. 2d 1260, 1262 (Ala. 1983) ("The existence vel non of a contract is determined by reference to the reasonable meaning of the parties' external and objective manifestations of mutual assent. Conduct of one party from which the other may reasonably draw the inference of assent to an agreement is effective as an acceptance").

In the present case, defendant's outward manifestations should have placed the plaintiffs on notice that defendant had assented to the Contract in its entirety and considered itself bound by the agreement. *See Stinson v. American Home Place, Inc.,* 108 F. Supp. 2d. 1278, 1282-83 (M.D. Ala. 2000) (rejecting home buyer's contention that the lack of a signature by a "corporate officer" of the defendant-contractor rendered construction contract invalid; court holds that contractor "manifested assent to the contract by performing obligations thereunder"). For instance, in exchange for plaintiffs obligation to make payments in accord with the schedule announced in the Contract, the defendant: (1) permitted plaintiffs to assume the remainder of the original buyer's retail installment contract, (2) released the estate of the original buyer from liability, (3) gave up possession of the manufactured home, and (4) allowed plaintiffs to move the manufactured home to the location of their choice. In short, by accepting and acting upon the Contract, the defendant put the plaintiffs on notice that it had assented to, and considered itself bound

___

[2] While the contract at issue undoubtedly falls withing the purview of Alabama's Statute of Frauds, because the agreement is "signed by the party against whom enforcement is sought," the absence of defendant's signature will not render the Contract unenforceable so long as it is "accepted and acted upon" as the agreement of the parties. Ala. Code §§ 7-2-201, 8-9-1 (1996); *Quality Truck v. Yassine,* 730 So. 2d 1164, 1168 (Ala. 1999); E. ALLEN FARNSWORTH, CONTRACTS, § 6.8 at 435 (2d ed. 1990).

3

by, the Contract.[3]  For this reason, even in the absence of a signature, the defendant is

entitled to enforce the Contract, including the arbitration provision contained therein.

As previously noted, plaintiffs also contend that the arbitration provision is not broad

enough to cover their claims against defendant.  The arbitration clause at issue contains

the following language:

> **ARBITRATION:** All disputes, claims or controversies arising
> from or relating to this Agreement or the parties thereto shall
> be resolved by binding arbitration by one arbitrator selected
> by you with my consent.  This Agreement is made pursuant to
> a transaction in interstate commerce, and shall be governed by
> the Federal Arbitration Act at 9 U.S.C. Section 1.  Judgment
> upon the award rendered may be entered in any court having
> jurisdiction.    The parties agree and understand that they
> choose arbitration instead of litigation to resolve disputes.  The
> parties understand that they have a right or opportunity to
> litigate disputes in court, but that they prefer to resolve their
> disputes through arbitration, except as provided herein.  **THE
> PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY
> RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT
> TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT
> TO A COURT ACTION BY YOU (AS PROVIDED HEREIN)**.
> The parties agree and understand that all disputes arising
> under case law, statutory law, and all other laws including, but
> not limited to, all contract, tort and property disputes will be
> subject to binding arbitration in accord with this Agreement.
>
> \*       \*       \*       \*       \*
>
> **CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY
> READ THIS AGREEMENT BEFORE YOU SIGN IT.**

(Def. Motion to Compel, Ex. A, ¶ 10) (emphasis in original).  Significantly, the "you" and

"my" language in the above quoted provision references the Assignee (Defendant) and the

---

[3]Based on the language of their Complaint, it appears that plaintiffs likewise understood that they had
entered into a valid and enforceable agreement with defendant.  For instance, in Count Nine of their Complaint,
plaintiffs stipulate that: "On or about September 24, 1999 Plaintiffs entered into an agreement with Defendant for
the purchase of a 1996 General 16 X 76 mobile home."  (Complaint at ¶ 9).

4

New Buyer (Plaintiffs) and not, as plaintiffs contend, the New Buyer and the Seller. (Def. Ex. A, p.1, definition of terms used). Therefore, to the extent plaintiffs take the position that they never agreed to arbitrate disputes other than those between themselves and the original buyer, their argument is without merit. Additionally, the language of the provision, requiring plaintiffs to arbitrate all claims "arising from or relating to" the Contract is certainly broad enough to encompass all of plaintiffs' claims.

Finally, with respect to plaintiffs remaining argument, there is little question that the financing of a manufactured home involves interstate commerce. *See Ex parte Gates*, 675 So. 2d 371, 374-74 (Ala. 1996); *Southern Energy Homes, Inc. v. McCray*, 2000 WL 1763365 (Ala. Dec. 1, 2000). Moreover, the Contract itself contains a clause indicating that the agreement is "made pursuant to a transaction in interstate commerce." (Def. Ex. A, ¶ 10). When a contract includes such a stipulation, a court will and must enforce the stipulation and apply the FAA as to the arbitration agreement contained in the contract. *see Staples v. Money Tree, Inc.*, 936 F. Supp. 856, 858 (M.D. Ala. 1996).

For these reasons, by separate order, the plaintiffs will be ordered to arbitrate their claims and the action will be dismissed without prejudice to any party to seek reinstatement to resolve any issues that may remain after the arbitration proceedings. This order will be conditioned on the defendant's agreement to pay the costs associated with such arbitration that may exceed any costs the plaintiffs might reasonably expect to incur in this court to litigate their claims.

5

Done, this _____ of January, 2001.

**EDWIN NELSON**
**UNITED STATES DISTRICT JUDGE**

6